# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Gregory Jones and Darlene Jones, as successors in interest to Eric Jones; Gregory Jones, an individual; and Darlene Jones, an individual

## DEFENDANTS

County of Del Norte, California, a political subdivision of the State of California; Ramsay Williamson, an individual; and Does 1 through 10

**(b)** County of Residence of First Listed Plaintiff Curry County, Oregon
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     Del Norte, California
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Eric R. Maier
Maier Shoch LLP
633 W. Fifth St., Ste. 5880, Los Angeles, CA 90071
(213) 489-4778

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☒ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983

Brief description of cause:
Excessive and unreasonable deadly police force in violation of Fourth and Fourteenth Amendment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $** 20,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE
July 2, 2008

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

ERIC R. MAIER (SBN 182808)
LOUIS E. SHOCH (SBN 205557)
MAIER SHOCH LLP
633 West Fifth Street, Suite 5880
Los Angeles, CA 90071
Telephone: (213) 489-4778
Facsimile:  (213) 489-4798

BRIAN E. CLAYPOOL (SBN 134674)
THE CLAYPOOL LAW FIRM
633 West Fifth Street, Suite 5880
Los Angeles, CA 90071
Telephone: (213) 488-2042
Facsimile: (626) 796-9951

Attorneys for Plaintiffs
GREGORY JONES and DARLENE JONES

E-filing

FILED

JUL - 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BZ

GREGORY JONES and DARLENE JONES, as
successors in interest to Eric Jones; GREGORY
JONES, an individual; and DARLENE JONES,
an individual,

Plaintiffs,

v.

COUNTY OF DEL NORTE, CALIFORNIA, a
political subdivision of the State of California;
RAMSAY WILLIAMSON, an individual; and
DOES 1 through 10 inclusive,

Defendants.

Case No.:    CV 08 3222

**COMPLAINT FOR VIOLATION OF CIVIL
RIGHTS (42 U.S.C. § 1983); ASSAULT AND
BATTERY; NEGLIGENCE; NEGLIGENT
TRAINING AND SUPERVISION;
WRONGFUL DEATH**

**DEMAND FOR JURY TRIAL**

1  Plaintiffs Gregory Jones and Darlene Jones, in their individual capacities and also in their

2  capacities as successors in interest to Eric Jones, for their complaint against defendants County of Del

3  Norte and Ramsay Williamson, hereby allege as follows:

4

5  **INTRODUCTION**

6  1.  On May 16, 2008, Eric Jones was driving home to Brookings, Oregon after visiting

7  his sister in Medford, Oregon, a trip he had made on countless prior occasions.  While driving in Del

8  Norte County, California as part of his customary route, Eric was pulled over by members of the Del

9  Norte County Sheriff's Department, allegedly for reckless driving.  Eric exited his vehicle at the

10  instruction of the deputies, and made clear to the deputies that he was not armed.  Seconds later,

11  Deputy Ramsey Williamson fired two bullets at Eric's dog, which had exited the vehicle.  Then, after

12  Deputy Williamson disabled Eric's dog, he fired a bullet at Eric, hitting Eric in the abdomen and

13  disabling him.  After disabling Eric with his first shot, Deputy Williamson fired a second shot at Eric,

14  which entered Eric's chest and pierced his lung.  Eric Jones, an unarmed motorist alleged to have

15  done nothing more than reckless driving on the way home from a visit with his sister, was killed.

16

17  **JURISDICTION AND VENUE**

18  2.  This action, filed to redress the violation of Eric Jones' rights under the Fourth

19  Amendment and Fourteenth Amendment to the United States Constitution, arises under the Civil

20  Rights Act of 1871, 42 U.S.C. § 1983.

21  3.  This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C.

22  § 1343, and 28 U.S.C. § 1367.

23  4.  Venue is proper in this district under 28 U.S.C. § 1331(b) because the defendants

24  reside in this district, and because a substantial part of the events or omissions giving rise to the claim

25  occurred in this district.

26

27

28

1

**PARTIES**

2      5.      Plaintiff Gregory Jones is the father of Eric Jones.  Greg Jones brings this action in his

3    individual capacity, and also in his capacity as a successor in interest to Eric Jones.  Greg Jones is a

4    resident of Brookings, Oregon.

5      6.      Plaintiff Darlene Jones is the mother of Eric Jones.  Darlene Jones brings this action in

6    her individual capacity, and also in her capacity as a successor in interest to Eric Jones.  Darlene

7    Jones is a resident of Brookings, Oregon.

8      7.      At all relevant times, defendant Ramsay Williamson was employed as a Deputy

9    Sheriff by the County of Del Norte.  Defendant Ramsay Williamson was acting within the course and

10    scope of his employment as a Deputy Del Norte County Sheriff when he engaged in each of the acts

11    alleged in this complaint.  On information and belief, Ramsay Williamson is a resident of Del Norte

12    County, California.

13      8.      Defendant County of Del Norte is a political subdivision of the State of California.  At

14    all relevant times, the Del Norte County Sheriff's Department was a department or agency of the

15    County of Del Norte.  At all relevant times, the County of Del Norte was the employer of defendant

16    Ramsay Williamson.

17

18

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

19      9.      On June 16, 2008, pursuant to section 910 of the California Government Code,

20    plaintiffs Greg Jones and Darlene Jones filed claims for damages with the Board of Supervisors of

21    the County of Del Norte to redress damages incurred by the conduct alleged in this complaint.

22      10.     On June 18, 2008, the County of Del Norte notified plaintiffs Greg Jones and Darlene

23    Jones that it has rejected the claims that they filed on June 16, 2008.

24

25

26

27

28

Maier Shoch LLP

2

COMPLAINT

1

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2     11.     On May 16, 2008, Eric Jones was driving home to Brookings, Oregon from Medford,

3  Oregon after visiting his sister in Medford. He was traveling with his two dogs. The route from

4  Medford to Brookings along the Redwood Highway dips below the Oregon-California border and

5  goes through Del Norte County.

6     12.     While Eric drove through Del Norte County, members of the California Highway

7  Patrol began pursuing Eric's vehicle, allegedly to investigate a complaint concerning reckless

8  driving. At some point before Eric's car reached the Hiouchi Bridge, the tires on his vehicle were

9  disabled by a spike strip deployed by the California Highway Patrol. Eric came to a stop at the side

10  of the Hiouchi Bridge, where members of the Del Norte County Sheriff's Department were waiting

11  for him.

12     13.     After Eric stopped his vehicle on the side of the Hiouchi Bridge, members of the Del

13  Norte Sheriff's Department ordered Eric to exit the vehicle and to make clear that he had no weapon

14  in his hands. Eric complied with these orders, exiting his vehicle and demonstrating that he was not

15  carrying any weapons.

16     14.     While Eric was outside of his vehicle complying with sheriff deputies' orders, one of

17  his dogs ran out of Eric's vehicle. Deputy Williamson fired two shots at the dog, disabling the dog.

18     15.     After Deputy Williamson disabled the dog that ran out of Eric's vehicle, he fired a

19  shot at Eric. Deputy Williamson's first shot at Eric hit Eric in the abdomen, incapacitating Eric but

20  not killing him. Deputy Williamson then fired a second shot at Eric, hitting him through the chest,

21  piercing his lung, and ultimately killing him.

22     16.     At the time that Deputy Williamson fired his weapon at Eric, he knew that: (1) Eric

23  was unarmed; (2) Eric was not suspected to have committed a violent felony; (3) the dog that had

24  exited Eric's vehicle had been shot twice and was incapacitated if not dead; (4) Eric was not close

25  enough to Deputy Williamson to strike him and did not provide any indication that he intended to do

26  so; and (5) Eric's vehicle had been disabled by the spike strip.

27

28

17.    At the time that Deputy Williamson fired his first shot at Eric, he had no reason to believe that the use of deadly force against Eric was necessary to protect Deputy Williamson or anybody else from an imminent threat of great bodily harm or death.

18.    At the time that Deputy Williamson fired his second shot at Eric, he had no reason to believe that the use of deadly force against Eric was necessary to protect Deputy Williamson or anybody else from an imminent threat of great bodily harm or death. Deputy Williamson's only purpose for firing a second shot was to kill Eric because he had already wounded him. In doing so, Deputy Williamson was acting in accordance with the training and instruction he received from the Del Norte County Sheriff's Department.

19.    Deputy Williamson's unreasonable use of deadly force constitutes a violation of Eric's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Deputy Williamson's conduct also deprived Eric of his right to life, and caused Eric to incur significant pain and suffering prior to his death. Eric also incurred medical, funeral, and burial expenses as a result of Deputy Williamson's conduct.

20.    Greg Jones and Darlene Jones have suffered, and will continue to suffer, significant damages as a result of Deputy Williamson's killing of Eric Jones. These damages are for, among other things, loss of support, loss of companionship, loss of care, loss of society, and loss of earnings.

21.    Deputy Williamson's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Eric Jones, warranting an award of punitive damages.

## FIRST CAUSE OF ACTION

### Against Ramsay Williamson For Violation Of Civil Rights, 42 U.S.C. § 1983
### (By Plaintiffs As Successors In Interest To Eric Jones)

22.    Plaintiffs reallege and incorporate paragraphs 1 through 21 as though fully set forth herein.

23.    Defendant Ramsay Williamson, while working as a Sheriff's Deputy for the County of Del Norte Sheriff's Department, and acting within the course and scope of his duties, used lethal force against Eric Jones without legal justification and without a reasonable belief that the use of

Maier Shoch LLP

4

1 deadly force was necessary to protect Deputy Williamson or anybody else from an imminent risk of
2 great bodily harm or death.

3        24.    Defendant Ramsay Williamson's use of lethal force against Eric Jones violated Eric
4 Jones' rights under the Fourth Amendment and Fourteenth Amendment of the United States
5 Constitution.

6        25.    As a result of Defendant Ramsay Williamson's illegal and unjustified shooting of Eric
7 Jones, which constituted a violation of Eric Jones' rights under the Fourth Amendment and
8 Fourteenth Amendment of the United States Constitution, Eric Jones incurred medical expenses,
9 burial expenses, and funeral expenses.

10        26.    As a result of Defendant Ramsay Williamson's illegal and unjustified shooting of Eric
11 Jones, which constituted a violation of Eric Jones' rights under the Fourth Amendment and
12 Fourteenth Amendment of the United States Constitution, Eric Jones incurred great pain and
13 suffering prior to his death.

14        27.    As a result of Defendant Ramsay Williamson's illegal and unjustified shooting of Eric
15 Jones, which constituted a violation of Eric Jones' rights under the Fourth Amendment and
16 Fourteenth Amendment of the United States Constitution, Eric Jones lost his life.

17        28.    Deputy Williamson's conduct was malicious, wanton, oppressive, and accomplished
18 with a conscious disregard for the rights of Eric Jones, entitling Plaintiffs, as administrators of the
19 Estate of Eric Jones, to an award of exemplary and punitive damages.

20

21                        **SECOND CAUSE OF ACTION**

22    **Against County of Del Norte For Violation Of Civil Rights, 42 U.S.C. § 1983**

23            **(By Plaintiffs As Successors In Interest To Eric Jones)**

24        29.    Plaintiffs reallege and incorporate paragraphs 1 through 28 as though fully set forth
25 herein.

26        30.    The conduct of Deputy Williamson, which deprived Eric Jones of his rights under the
27 Fourth Amendment and Fourteenth Amendment of the United States Constitution, was the result of a
28 longstanding practice or custom which constitutes the standard operating procedure of Del Norte

Maier Shoch LLP

                                    5

1    County. Deputy Williamson was acting pursuant to his training, instruction, and departmental policy

2    when he fired his weapon at Eric Jones without having an objectively reasonable belief that the use of

3    deadly force against Eric Jones was necessary to protect himself or another from an imminent threat

4    of great bodily harm or death. Deputy Williams also was acting pursuant to his training, instruction,

5    and departmental policy when he fired a second shot at Eric Jones in order to kill him after he already

6    had wounded him with his previous shot.

7        31.    As a result of Defendant Ramsay Williamson's illegal and unjustified shooting of Eric

8    Jones, which constituted a violation of Eric Jones' rights under the Fourth Amendment and

9    Fourteenth Amendment of the United States Constitution, and was done pursuant to Deputy

10   Williamson's training, instruction, and departmental policy, Eric Jones incurred medical expenses,

11   burial expenses, and funeral expenses.

12       32.    As a result of Defendant Ramsay Williamson's illegal and unjustified shooting of Eric

13   Jones, which constituted a violation of Eric Jones' rights under the Fourth Amendment and

14   Fourteenth Amendment of the United States Constitution, and was done pursuant to Deputy

15   Williamson's training, instruction, and departmental policy, Eric Jones incurred great pain and

16   suffering prior to his death.

17       33.    As a result of Defendant Ramsay Williamson's illegal and unjustified shooting of Eric

18   Jones, which constituted a violation of Eric Jones' rights under the Fourth Amendment and

19   Fourteenth Amendment of the United States Constitution, and was done pursuant to Deputy

20   Williamson's training, instruction, and departmental policy, Eric Jones lost his life.

21

22                           **THIRD CAUSE OF ACTION**

23                  **Against All Defendants For Assault And Battery**

24              **(By Plaintiffs As Successors In Interest To Eric Jones)**

25       34.    Plaintiffs reallege and incorporate paragraphs 1 through 33 as though fully set forth

26   herein.

27       35.    Defendant Ramsay Williamson, while working as a Sheriff's Deputy for the County of

28   Del Norte Sheriff's Department, and acting within the course and scope of his duties, intentionally

Maier Shoch LLP

6

1  fired two bullets at Eric Jones.  The first bullet struck Eric Jones in the abdomen, injuring and

2  incapacitating him.  Then, while Eric Jones was injured and incapacitated, Defendant Ramsay

3  Williamson fired a second bullet at Eric Jones, killing him.

4      36.  The first bullet that Deputy Williamson fired at Eric Jones resulted in severe injury to

5  Eric Jones.  The second bullet that Deputy Williamson fired at Eric Jones resulted in further injury

6  and, ultimately, death.

7      37.  Deputy Williamson had no legal justification for firing his weapon at Eric Jones, and

8  Deputy Williamson's use of force against Eric Jones while carrying out his police duties was an

9  unreasonable use of force.

10      38.  As a result of Defendant Ramsay Williamson's illegal and unjustified shooting of Eric

11  Jones, Eric Jones incurred medical expenses, burial expenses, and funeral expenses.

12      39.  As a result of Defendant Ramsay Williamson's illegal and unjustified shooting of Eric

13  Jones, Eric Jones incurred great pain and suffering prior to his death.

14      40.  As a result of Defendant Ramsay Williamson's illegal and unjustified shooting of Eric

15  Jones, Eric Jones lost his life.

16      41.  Deputy Williamson's conduct was malicious, wanton, oppressive, and accomplished

17  with a conscious disregard for the rights of Eric Jones, entitling Plaintiffs, as administrators of the

18  Estate of Eric Jones, to an award of exemplary and punitive damages.

19

20                            **FOURTH CAUSE OF ACTION**

21                    **Against All Defendants For Negligence**

22          **(By Plaintiffs As Successors In Interest To Eric Jones)**

23      42.  Plaintiffs reallege and incorporate paragraphs 1 through 41 as though fully set forth

24  herein.

25      43.  A police officer has a duty to use reasonable care in employing deadly force.

26      44.  Defendant Ramsay Williamson, while working as a Sheriff's Deputy for the County of

27  Del Norte Sheriff's Department, failed to use reasonable care in employing deadly force against Eric

28  Jones.

1    45.    As a consequence of his failure to use reasonable care in employing deadly force

2  against Eric Jones, Defendant Ramsay Williamson shot Eric Jones twice without legal justification or

3  reason. The first bullet struck Eric Jones in the abdomen, injuring and incapacitating him. Then,

4  while Eric Jones was injured and incapacitated, Defendant Ramsay Williamson fired a second bullet

5  at Eric Jones, killing him.

6    46.    As a result of Defendant Ramsay Williamson's negligence, Eric Jones incurred

7  medical expenses, burial expenses, and funeral expenses.

8    47.    As a result of Defendant Ramsay Williamson's negligence, Eric Jones incurred great

9  pain and suffering prior to his death.

10    48.    As a result of Defendant Ramsay Williamson's negligence, Eric Jones lost his life.

11

12                          **FIFTH CAUSE OF ACTION**

13           **Against County Of Del Norte For Negligent Training and Supervision**

14               **(By Plaintiffs As Successors In Interest To Eric Jones)**

15    49.    Plaintiffs reallege and incorporate paragraphs 1 through 48 as though fully set forth

16  herein.

17    50.    Defendants County of Del Norte has a duty to use due care to train and supervise

18  members of the Del Norte County Sheriff's Department to ensure that members of the Del Norte

19  County Sheriff's Department carry out their duties in a lawful manner.

20    51.    Defendant County of Del Norte breached its duty of care by failing to train and

21  supervise Deputy Ramsay Williamson to ensure that he carried out his duties in a lawful manner.

22  Among other things, defendants failed to train Deputy Williamson to refrain from using deadly force

23  in a situation in which the use of deadly force was not objectively reasonably necessary to prevent the

24  escape of a dangerous felon or to protect himself or another from an imminent threat of serious bodily

25  harm or death. In addition, Deputy Williams also was acting pursuant to his training, instruction, and

26  departmental policy when he fired a second shot at Eric Jones in order to kill him after he already had

27  wounded him with his previous shot.

28

Maier Shoch LLP

8

COMPLAINT

1    52.    As a consequence of defendant County of Del Norte's failure to use reasonable care in

2    training and supervision Deputy Ramsay Williamson, Deputy Williamson shot Eric Jones twice

3    without legal justification or reason. The first bullet struck Eric Jones in the abdomen, injuring and

4    incapacitating him. Then, while Eric Jones was injured and incapacitated, Deputy Williamson fired a

5    second bullet at Eric Jones, killing him.

6    53.    As a consequence of defendant County of Del Norte's failure to use reasonable care in

7    training and supervision Deputy Ramsay Williamson, Eric Jones incurred medical expenses, burial

8    expenses, and funeral expenses.

9    54.    As a consequence of defendant County of Del Norte's failure to use reasonable care in

10    training and supervision Deputy Ramsay Williamson, Eric Jones incurred great pain and suffering

11    prior to his death.

12    55.    As a As a consequence of defendant County of Del Norte's failure to use reasonable

13    care in training and supervision Deputy Ramsay Williamson, Eric Jones lost his life.

14

15                         **SIXTH CAUSE OF ACTION**

16                  **Against All Defendants For Wrongful Death**

17          **(By Greg Jones and Darlene Jones In Their Individual Capacities)**

18    56.    Plaintiffs reallege and incorporate paragraphs 1 through 55 as though fully set forth

19    herein.

20    57.    Greg Jones is the father of Eric Jones.

21    58.    Darlene Jones is the mother of Eric Jones.

22    59.    The defendants' wrongful conduct, as alleged above, caused the death of Eric Jones.

23    60.    As a result of defendants' wrongful conduct, which caused the death of Eric Jones,

24    plaintiffs Greg Jones and Darlene Jones incurred medical expenses, funeral expenses, and burial

25    expenses.

26    61.    Plaintiffs Greg Jones and Darlene Jones have been personally devastated by the loss of

27    their son, Eric Jones. Among other things, they have suffered a loss of companionship, loss of care,

28    loss of support, and loss of society.

1    WHEREFORE, Plaintiffs pray for the following relief:

2    1.    Compensatory and general damages in the amount of at least $20,000,000;

3    2.    Punitive and exemplary damages in an amount necessary to punish and deter the

4    defendants' conduct;

5    3.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

6    4.    Such other relief as the Court may deem proper.

7
DATED: July 2, 2008

8                                 ERIC R. MAIER
9                                 LOUIS E. SHOCH
                                  MAIER SHOCH LLP
10
                                  BRIAN E. CLAYPOOL
11                                THE CLAYPOOL LAW FIRM

12

13
                                  By: _____
14                                         Eric R. Maier

15
                                  Attorneys for Plaintiffs
16                                GREGORY JONES and DARLENE JONES

17

18

19

20

21

22

23

24

25

26

27

28

Maier Shoch LLP

10

COMPLAINT

1

## **DEMAND FOR TRIAL JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury trial of all claims against Defendants.

DATED:  July $Z$, 2008

ERIC R. MAIER
LOUIS E. SHOCH
MAIER SHOCH LLP

BRIAN E. CLAYPOOL
THE CLAYPOOL LAW FIRM


By: _____
                Eric R. Maier

Attorneys for Plaintiffs
GREGORY JONES and DARLENE JONES

11

COMPLAINT

Maier Shoch LLP