IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JONES and DARLENE JONES, as successor in interest to Eric Jones; GREGORY JONES, an individual; and DARLENE JONES, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF DEL NORTE, CALIFORNIA, a political subdivision of California; RAMSAY WILLIAMSON, an individual,<br><br>    Defendants.                     / | No. C 08-03222 CW<br><br>ORDER ON MOTIONS IN LIMINE |

    As discussed at the final pre-trial conference, the Court rules on the parties' motions in limine as follows:

**Plaintiffs' Motions in Limine**

1. Motion to Bifurcate Trial

    DENIED as moot.  At the hearing on these motions, Plaintiffs withdrew this motion.

2. Motion to Exclude Defense Expert Dr. Emily Keram's Testimony Regarding Jones' Mental State and Psychiatric Condition on the Day of the Shooting.

    DENIED.  Dr. Keram's testimony about Jones' mental state at the time of the shooting is relevant because, in "cases such as this, where what the officer perceived just prior to the use of

force is in dispute, evidence that may support one version of events over another is relevant and admissible." Boyd v. City and County of San Francisco, 576 F.3d 938, 944 (9th Cir. 2009). Keram may testify as to the factual basis for her opinion, including some of the otherwise inadmissible evidence to which Plaintiffs objected, because its "probative value in assisting the jury to evaluate the expert's opinion substantially outweighs [its] prejudicial effect." Fed. R. Evid. 703. The Court will instruct the jury that the evidence is relevant to assess Williamson's credibility and the truth of Williamson's version of events. However, Keram may not testify about (1) Jones' prior marijuana or alcohol use, (2) Jones' statements to Dr. Regan in December, 2003 and (3) the January 1, 2004 incident concerning his sister. The probative value of these facts does not substantially outweigh the prejudicial effect.

Plaintiffs' arguments that Keram's opinions should be excluded under Daubert v. Merrell Dow Pharmacueticals, Inc., 509 U.S. 579 (1993), have no merit. Keram's opinions have factual support and are reliable.

3. Motion to Exclude Audio Forensics Expert's Opinions

DENIED. Dr. Begault's expert testimony is relevant and reliable. Begault may testify about the contents of Deputy Williamson's belt audio recording.

4. Motion to Exclude All Evidence Not Known by Williamson at the Time of the Shooting

DENIED. The Court will not make a blanket exclusion of all evidence not known by Williamson at the time of the shooting. Under Boyd, evidence beyond the scope of what Williamson knew at

2

1  the time of the shooting may be relevant to assess Williamson's
2  credibility and the truth of Williamson's version of events.  576
3  F.3d at 944.
4  5.   Motion to Exclude the Toxicology Results from Jones' Autopsy
        and Jones' Prior Drug Use.
5
       GRANTED.  Evidence from the toxicology report of marijuana in
6
   Jones' system at the time of his death is excluded as more
7
   prejudicial than probative.  Similarly, evidence of Jones' prior
8
   marijuana use is excluded.
9
   6.   Motion to Exclude Evidence of Jones' Criminal History
10
        GRANTED.  Jones' criminal history is not relevant to
11
   Plaintiffs' claim for wrongful death damages.  The evidence is also
12
   excluded under Federal Rule of Evidence 403.
13
   7.   Motion to Exclude Hearsay Statements by Larry Lair
14
        DENIED.  To form the basis of their opinions, defense experts
15
   Dr. Keram and Massad Ayoob may rely on the statements made by Larry
16
   Lair, who is now deceased.
17
   8.   Motion to Exclude Jones' Psychiatric Records or Testimony
18      Regarding Jones' Psychiatric Condition Prior to the Shooting
        Incident
19
        DENIED.  Dr. Keram may discuss the psychiatric records she
20
   relied upon to formulate her expert opinion.  The January 1, 2004
21
   police report is not independently admissible.
22
                        **Defendants' Motions in Limine**
23
   1.   Motion to Exclude References to Whether Defendants Have
24      Insurance

25      GRANTED.  Plaintiffs do not oppose this motion.

26
   2.   Motion to Exclude Offers to Settle This Case and Other
27      Statements Made in Settlement Negotiations

28      GRANTED.  Plaintiffs do not oppose this motion.

                                    3

3.  Motion to Exclude Any Reference to the January 1, 2009 Shooting of Oscar Grant at the Fruitvale BART Station or Other Publicized Incidents of Police Misconduct.

    GRANTED.  Plaintiffs do not oppose this motion.

4.  Motion to Exclude Arguments and Inferences Outside the Record for "Political Effect."

    GRANTED.  Plaintiffs do not oppose this motion.

5.  Motion to Exclude Percipient Witness Richard Davis from Testifying or, in the Alternative, to Require that Davis Appear at a Deposition Prior to Testifying at Trial.

    GRANTED in part.  Defendants shall be given the opportunity to depose Davis as soon as possible.  If Davis does not appear for this deposition, Plaintiffs may not call him as a witness in their case-in-chief.

6.  Motion to Exclude Witnesses from Testifying as to Whether the Shooting was a "Murder."

    GRANTED.  Similarly, Defendants' lay witnesses are also prohibited from testifying as to legal conclusions about the reasonableness of Williamson's actions.

7.  Motion to Exclude Testimony by Plaintiffs' Witnesses that Del Norte County Sheriff's Department Had a Custom and Practice of Unconstitutional Use of Force

    GRANTED.  Plaintiffs do not oppose this motion.

8.  Motion to Exclude Testimony that Deputies Williamson, Berry or Garcia Were Inadequately Trained

    DENIED.  Evidence regarding the training of these deputies may be relevant to a determination of whether the use of force was reasonable under the circumstances.

9.  Motion to Bar Plaintiffs from Presenting Evidence or Argument that the Deputies Used Improper Tactics or That They Violated Police Department Rules Prior the Shooting Incident Itself

    DENIED.  Evidence regarding the tactics used by the deputies and whether they violated police department rules prior to the

4

shooting may be relevant to a determination of whether the use of force was reasonable under the circumstances.  The Court will instruct the jury that the following are not necessarily civil rights violations: (1) rule violations, (2) poor tactics that lead to the need for the use of deadly force and (3) the use of greater than the least possible force available to the deputies. Plaintiffs have not stated the specific rule violations they seek to introduce and when these violations occurred.  Violations unrelated to the shooting are not likely to be relevant.

10. **Motion to Exclude Testimony or Argument that Deputy Williamson Should Have Issued a Warning Before Using Deadly Force**

    DENIED.  The jury may consider that Williamson did not issue a warning to Jones before shooting him.  Such evidence is relevant in this case.

11. **Motion to Exclude Any Testimony or Argument Regarding the Fact that Defendant Did Not Apologize to Plaintiffs**

    GRANTED.  Plaintiffs do not oppose this motion.

12. **Motion to Exclude Evidence or Argument that Eric Jones Was Unarmed**

    DENIED.  The question of whether Jones posed an imminent threat of serious injury or death to the deputies is central in this case.  Therefore, evidence that he was unarmed is relevant and admissible.

13. **Motion to Exclude Evidence of Past Complaints, Prior Use of Force, or Any Disciplinary Actions or Reports Related to Deputies Williamson, Berry or Garcia**

    GRANTED.  Plaintiffs do not object to this exclusion but they reserve the right to introduce this evidence if Defendants present evidence on the topic.

//

5

14. Motion to Preclude Plaintiffs from Offering Evidence of Their Emotional Distress

    Granted. Plaintiffs do not oppose this motion.

15. Motion to Exclude All Non-Party Witnesses from the Courtroom

    Granted. Non-party witnesses may remain in the courtroom after they have testified if they will not be called as rebuttal witnesses.

    IT IS SO ORDERED.

Dated: 04/07/10

　　　　　　　　　　　　　　　　　　　CLAUDIA WILKEN
　　　　　　　　　　　　　　　　　　　United States District Judge